UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH KING,<br><br>Plaintiff,<br><br>v.<br><br>C&K MARKET, INC. dba RAY'S FOOD PLACE #25,<br><br>Defendant. | No. 2:16-cv-00559-TLN-CMK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court pursuant to Defendant C&K MARKET, INC.'s ("Defendant") Motion to Dismiss. (ECF No. 14.) Plaintiff Deborah King ("Plaintiff") opposes the motion. (ECF No. 15.) Defendant filed a reply. (ECF No. 16.) For the reasons discussed below, the Court hereby GRANTS Defendant's Motion to Dismiss. (ECF No. 14.)

**I.     FACTUAL AND PROCEDURAL BACKGROUND[1]**

Plaintiff began working for Defendant in June 2003 and last worked for Defendant on July 3, 2014. (ECF No. 13 ¶ 5.) At the beginning of her employment, Plaintiff worked as a clerk cashier and stocker, and later worked as a night manager and file maintenance manager. (ECF No. 13 ¶ 6.) Plaintiff was supervised by John Cluckert. (ECF No. 13 ¶ 7.)

---

[1] The following recitation of facts is taken, almost verbatim, from Plaintiff's First Amended Complaint ("FAC"). (ECF No. 13.)

1

On April 18, 2005, Plaintiff alleges she injured her back at work while lifting heavy bags of dog food.  (ECF No. 13 ¶ 8.)  Plaintiff alleges she had back surgery in March 2006, but she continued to experience pain as a result of her injury.  (ECF No. 13 ¶ 9.)  In September 2006, Plaintiff alleges she tore her meniscus in her left knee at Defendant's store while standing up from a kneeling position on the floor.  (ECF No. 13 ¶¶ 10–11.)  Plaintiff alleges she had surgery on her knee, but continued to experience pain as a result of her injury.  (ECF No. 13 ¶ 12.)  On October 23, 2013, Plaintiff alleges she had knee replacement surgery.  (ECF No. 13 ¶ 13.)  After the surgery, Plaintiff alleges she continued to experience pain in her knee, which became aggravated when she worked.  (ECF No. 13 ¶ 14.)

In approximately 2008, Plaintiff alleges she began experiencing pain in her fingers and hands, which was diagnosed as carpal tunnel and other nerve injuries.  (ECF No. 13 ¶¶ 19–20.)  Plaintiff alleges these injuries were the result of Plaintiff's work at Defendant's store.  (ECF No. 13 ¶ 21.)  Plaintiff alleges the pain interfered with her ability to work and she needed reasonable accommodation to continue to work.  (ECF No. 13 ¶ 21.)

Beginning in December 2013, Plaintiff alleges she began experiencing pain and numbness down her left leg, sciatic nerve pain down her right leg into her foot, and left hip pain.  (ECF No. 13 ¶¶ 15–17.)  Plaintiff alleges her pain interfered with her ability to work and she needed reasonable accommodation to continue to work.  (ECF No. 13 ¶¶ 15–17.)

Plaintiff alleges Defendant refused to accommodate her, engage in the interactive process, or inadequately accommodated her despite repeated requests for accommodation and to engage in the interactive process under the Americans with Disabilities Act ("ADA") and California Fair Employment and Housing Act ("FEHA").  (ECF No. 13 ¶ 25.)  Plaintiff alleges she developed chronic pain, increased disability, and required occasional time off.  (ECF No. 13 ¶ 27.)

On June 25, 2014, Plaintiff alleges she filed a worker's compensation claim.  (ECF No. 13 ¶ 28.)  On July 3, 2014, Plaintiff alleges her physician ordered that she be off work immediately due to work related health issues.  (ECF No. 13 ¶ 29.)  Plaintiff alleges she provided the physician's note to her employer on July 3, 2014.  (ECF No. 13 ¶ 30.)  Plaintiff alleges she requested an accommodation of leave under the ADA and California Family Rights Act/Family

and Medical Leave Act ("CFRA/FML") on July 3, 2014, when she gave her physician's note to her employer. (ECF No. 13 ¶ 31.) Plaintiff alleges she and her physician believed she could return to work with reasonable accommodations and perform the essential functions of her job. (ECF No. 13 ¶ 31.) Plaintiff alleges Defendant did not respond to her request for leave. (ECF No. 13 ¶ 32.)

Plaintiff alleges in August 2015 she realized Defendant had terminated her employment. (ECF No. 13 ¶ 38.) Plaintiff alleges her supervisor falsely notified Human Resources that she quit her job prior to August 2015. (ECF No. 13 ¶ 35.) Plaintiff alleges she filed charges of discrimination, harassment, and retaliation with the Department of Fair Employment and Housing ("DFEH") and Equal Employment Opportunity Commission ("EEOC"). (ECF No. 13 ¶ 41.) Plaintiff alleges on or about January 2016 the EEOC issued a right to sue letter. (ECF No. 13 ¶ 42.) Plaintiff alleges the DFEH also issued a right to sue letter. (ECF No. 13 ¶ 42.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a) (2), "the court's discretion

4

to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.   ANALYSIS**

Plaintiff's FAC alleges thirteen separate causes of action against Defendant for violations of the Americans with Disabilities Act (42 U.S.C § 12112(a), (b)(5)), and California Government Code (Cal Gov't Code § 12940(a), (j), (k), (m), (n), 12945.2(t)) (FEHA Violations). (*See generally* ECF No. 13.) Defendant has moved to dismiss each of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). (*See generally* ECF No. 14-1.) The Court addresses each of Plaintiff's claims separately below.

A. <u>Claim One: Disability Discrimination in Violation of 42 U.S.C. § 12112(a) (ADA Violation) & Claim Four: Disability Discrimination in Violation of California Government Code § 12940(a) (FEHA Violation)[2]</u>

Plaintiff alleges Defendant discriminated against her by terminating her employment due to her disability. (ECF No. 13 ¶ 46.) Defendant moves to dismiss, arguing Plaintiff is not a "qualified individual" under the ADA or FEHA and therefore cannot prevail on her discrimination claim. (ECF No. 14-1 at 8–9.)[3] Plaintiff states she is a qualified individual under the ADA and FEHA because she was not totally disabled and merely requested time off work to recover. (ECF No. 15 at 10.) Defendant argues Plaintiff's speculation regarding her ability to perform her essential duties at some undetermined point in the future is irrelevant. (ECF No. 16 at 4.)

The ADA prohibits an employer from discriminating against a qualified individual with a disability because of the disability. *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1092 (E.D. Cal. 2017) (citing *Nunes v. Wal-Mart Stores*, 164 F.3d 1243, 1246 (9th Cir. 1999)) (quoting U.S.C.A. § 12112(a) (West)). To state a claim for disability discrimination under the

---
[2]   Plaintiff's first claim alleges three separate ADA violations, namely disability discrimination, harassment, and retaliation. (ECF No. 13 ¶¶ 44–46.) The Court has divided its analysis of these three alleged violations into three separate sections.
[3]   Defendant withdrew its additional argument that Plaintiff's claims under the ADA are barred by the Statute of Limitations after Plaintiff clarified the file date of the original complaint. (ECF No. 16 at 4 n.2.)

5

ADA, a plaintiff must allege facts that plausibly show: (1) she is a disabled person within the meaning of the ADA; (2) she is a qualified individual with a disability; and (3) she suffered an adverse employment action because of her disability. *Id.* (quoting *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001). A plaintiff must "provide at least some factual allegations in support of each element of her ADA claim, thereby allowing the court to draw the reasonable inference that [the defendant] is liable under that statute." *Steiner v. Verizon Wireless*, No. 2:13-CV-1457-JAM-KJN, 2014 WL 202741, at *5 (E.D. Cal. Jan. 17, 2014). Plaintiff fails to properly allege she is a qualified individual under the ADA. Thus, the Court will only address the second element of Plaintiff's ADA disability discrimination claim.

The ADA defines a qualified individual as one who is able to perform the essential functions of his or her job with or without reasonable accommodation at the time of his or her termination. *Nunes*, 164 F.3d at 1246; *Kaplan v. City of North Las Vegas*, 323 F.3d 1226, 1230 (9th Cir. 2003). A plaintiff bears the burden of demonstrating she can perform the essential functions of her job with or without reasonable accommodation. *Kennedy v. Applause*, 90 F.3d 1477, 1481 (9th Cir. 1996) (citing *Lucero v. Hart*, 915 F.2d 1367, 1371 (9th Cir. 1990)).

Plaintiff's complaint is deficient of facts to support the reasonable inference she is a qualified individual under the ADA. Plaintiff states several times in her complaint, "In order to keep working, Plaintiff needed a reasonable accommodation," presumably indicating that without a reasonable accommodation she could not perform the essential functions of her job. (ECF No. 13 ¶¶ 15, 16, 17, 21, & 33.) Plaintiff alleges she requested medical leave, but does not allege facts sufficient to demonstrate her ability to perform the essential functions of her job with or without a reasonable accommodation, or even what the essential functions of her job are. *Ravel*, 228 F. Supp. 3d at 1093 (finding Plaintiff was a qualified individual because she specifically alleged her ability to continue her managerial duties if she was able to work in a nearby office or from home); *Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128, 1131 (9th Cir. 2001) (finding Plaintiff who achieved excellent performance reviews was a qualified individual after being diagnosed as OCD because her doctor's note stated her symptoms were treatable and a leave of absence could control her symptoms). Furthermore, Plaintiff's speculation "she would

be able to return to work with reasonable accommodations and perform the essential functions of her job" after an unspecified duration of medical leave is simply a legal conclusion cast in the form of a factual allegation. (ECF No. 13 at 5.) A court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Therefore, Plaintiff has not established element two of her claim for disability discrimination, and her ADA claim for discrimination is dismissed.

In claim four, Plaintiff cites FEHA, Cal. Govn't Code § 12940(a), as a second statutory basis for Defendant's alleged disability discrimination violation. Courts often analyze FEHA and federal disability claims together, relying on federal authority in the absence of contrary or differing state law. *Ravel*, 228 F. Supp. 3d at 1095 (citing *Humphrey*, 239 F.3d at 1133 n.6). To state a claim for disability discrimination under FEHA, a plaintiff must allege facts that plausibly show: (1) plaintiff suffers from a disability; (2) plaintiff is a qualified individual; and (3) plaintiff was subjected to an adverse employment action because of the disability. *Id*. The definition of a "qualified individual" under FEHA is synonymous with the ADA. *Ravel*, 228 F. Supp. 3d at 1095 (citing *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 999 (9th Cir. 2007). As a result, Plaintiff's FEHA claim fails for the same reasons as her ADA claim.

Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's second and fourth claims for disability discrimination under the ADA and FEHA with leave to amend.

B. Claim One: Harassment in Violation of 42 U.S.C. § 12112(a)

Plaintiff alleges Defendant harassed her based on her disability by falsely reporting to Human Resources her desire to quit her job after she left on medical leave. (ECF No. 13 ¶¶ 35–37.) Defendant moves to dismiss arguing the Ninth Circuit does not recognize a harassment claim based on disability under the ADA. (ECF No. 14-1 at 14.) Plaintiff states the EEOC provides guidance regarding the harassment of a disabled person and includes the EEOC's definition of harassment. (ECF No. 15 at 14.) Defendant counters the Ninth Circuit provides binding authority on this Court's ability to recognize a harassment claim based on disability under the ADA. (ECF No. 16 at 6.)

The Ninth Circuit has refused to recognize a hostile work environment harassment claim

based on disability under the ADA. *Brown v. City of Tuscon*, 336 F.3d 1181, 1190 (9th Cir. 2003)(finding no statutory source for a harassment cause of action under § 12112(a) of the ADA). This Court has followed the Ninth Circuit's decision in declining to recognize such a claim. *Kilgore v. Tulare County*, 2012 WL 483085 at *9 (E.D. Cal. Feb. 14, 2012). Plaintiff presents no argument persuading the Court to alter its determination. In light of the Ninth Circuit's decision, this Court declines to recognize Plaintiff's hostile work environment harassment claim based on disability under the ADA. Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's first claim for harassment with prejudice.

### C. Claim One: Retaliation in Violation of 42 U.S.C. § 12112(a)

Plaintiff alleges Defendant retaliated against her for requesting medical leave as a result of her disability by terminating her employment. (ECF No. 13 ¶ 35.) Defendant argues Plaintiff fails to allege facts showing an adverse employment action occurred, she engaged in protected activity, or her requests for accommodation had a causal connection to any adverse action taken against her. (ECF No. 14-1 at 17–18.) Plaintiff states she clearly pled the facts necessary for a retaliation claim. (ECF No. 15 at 16.)

To state a claim for retaliation under the ADA, a plaintiff must show: "(1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two." *Coons v. Secretary of U.S. Dept. of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (quoting *Brown*, 336 F.3d at 1187). The plaintiff must present "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." *Coons*, 383 F.3d at 887 (quoting *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996). The Ninth Circuit has held the proximity in time between a protected act and the retaliatory act can be dispositive of a causal connection. *Coons*, 383 F.3d at 887 (holding a full year between Plaintiff's request for reasonable accommodation and his demotion was inadequate without more facts to show a causal link between the protected activity and the adverse employment action he suffered).

Plaintiff states she requested medical leave on July 3, 2014. (ECF No. 13 ¶ 31.) Plaintiff does not allege the date of her actual termination or when her supervisor communicated with Human Resources regarding her termination. Plaintiff merely states she became aware of her

termination in August 2015.  (ECF No. 13 ¶ 38.)  Further, Plaintiff does not allege facts regarding the relationship between her and Defendant between July 3, 2014 and August 2015.  *See Chou v. Potter*, No. CV 06-5683-GAF-RCX, 2008 WL 11338553, at *6 (C.D. Cal. Sept. 26, 2008) (holding that although the alleged retaliation occurred over a year after the act that supposedly motivated the retaliation, "the record reflects that the parties were involved in an ongoing, contentious relationship from which a jury might find a retaliatory animus").  Without such facts, Plaintiff fails to allege facts to support a causal connection between her request for medical leave and the termination of her employment.

As discussed above, because Plaintiff has not alleged facts sufficient to support the third element of her retaliation claim, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's first claim for retaliation under the ADA without prejudice.

### D. Claim Two: Failure to Make a Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5) & Claim Six: California Government Code § 12940(f)

Plaintiff alleges Defendant was aware of and refused to accommodate or inadequately accommodated her medical condition.  (ECF No. 13 ¶¶ 25-27, 32.)  For Plaintiff to state a claim for failure to make a reasonable accommodation she must allege she is a qualified individual under the ADA and FEHA.  *Allen v. Pac Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (citing *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d at 1246) (to state a claim for failure to accommodate under the ADA, a plaintiff must first allege facts to show: (1) she is disabled within the meaning of the ADA; (2) she is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) she suffered an adverse employment action because of the disability).  As the Court noted above, *see supra* Section III.A., Plaintiff fails to plead sufficient facts demonstrating she is a qualified individual under the ADA or FEHA.  For the same reasons, her claims for failure to reasonably accommodate under the ADA and FEHA must fail.  Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's second and sixth claims for failure to accommodate under the ADA and FEHA with leave to amend.

### E. Claim Three: Failure to Engage in the Interactive Process in Violation of 42 U.S.C. § 12112(b)(5) & Claim Seven: California Government Code § 12940(n)

Plaintiff alleges Defendant refused to engage in the interactive process required under the ADA and FEHA despite repeated requests for accommodation. (ECF No. 13 ¶ 25.) For Plaintiff to state a claim for failure to engage in the interactive process she must allege she is a qualified individual under the ADA and FEHA. 42 U.S.C. §12112(b)(5) (West); Cal Gov't Code § 12940(a)(1) (West). The Court reasoned above, *see supra* Section III. D., that Plaintiff fails to properly allege her status as a qualified individual under the ADA. Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's third and seventh claims for failure to engage in the interactive process under the ADA and FEHA with leave to amend.

## F. Claim Five: Failure to Take All Reasonable Steps to Prevent Harassment and Discrimination in Violation of California Government Code § 12940(k)

Plaintiff alleges Defendant failed to take reasonable steps to prevent harassment and discrimination in violation of California Government Code § 12940(j). (ECF No. 13 ¶ 32.) Defendant argues Plaintiff cannot prevail on her failure to prevent harassment and discrimination claim because she fails to state sufficient facts to constitute proper causes of action for her underlying claims. (ECF No. 14-1 at 16.)

To sustain a failure to take reasonable steps to prevent harassment and discrimination claim, a plaintiff must allege facts sufficient to create an underlying harassment or discrimination cause of action. *Dickson v. Burke Williams, Inc.* 234 Cal. App. 4th 1307, 1317–18 (2015) (finding that a failure to prevent sex discrimination cannot exist if actionable sex discrimination has not been found). As discussed above, because Plaintiff fails to state facts sufficient to create a harassment or disability discrimination cause of action, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's fifth claim. This claim is dismissed with leave to amend, provided Plaintiff can adequately allege either a harassment or disability discrimination claim in the future.

## G. Claim Eight: Interference and Denial of Rights in Violation of California Government Code § 12945.2(t)

Plaintiff alleges Defendant interfered with and denied her rights under the CFRA/FML when Defendant did not respond to her medical leave request. (ECF No. 13 ¶ 32.) Defendant argues Plaintiff fails to allege facts showing Defendant was subject to CFRA/FML or she was

eligible for CFRA/FML leave. (ECF No. 14-1 at 18–19.) Plaintiff does not address Defendant's argument in her opposition. The Court finds Plaintiff concedes this issue by failing to address the merits of Defendant's argument. *See Mountjoy v. Bank of America N.A.*, No. 2:15-CV-02204-TLN-DB, 2018 WL 339060, at *7 (E.D. Cal. Jan. 8, 2018). Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's eighth claim with leave to amend.

H. Claim Nine: Harassment in Violation of California Government Code § 12940(a)

Plaintiff alleges Defendant harassed her based on her disability by falsely reporting to Human Resources her desire to quit her job when she requested medical leave. (ECF No. 13 ¶¶ 35–37.) Defendant moves to dismiss, arguing Plaintiff's supervisor was simply performing her duties as assigned and Defendant's conduct was not severe or pervasive. (ECF No. 14-1 at 14.) Plaintiff states her supervisor's false report to Defendant that Plaintiff intended to quit her job was unnecessary for the management of Defendant's business and constituted severe and pervasive conduct. (ECF No. 15 at 15.)

Under FEHA, harassment in the workplace consists of "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Cofer v. Parker-Hannifin Corporation*, 194 F. Supp. 3d 1014, 1018 (C.D. Cal. 2016); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 409 (1994) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). Harassing conduct generally occurs outside the scope of necessary job performance, presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives. *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). However, official employment actions based on a person's disability can constitute harassment under FEHA when they have the secondary effect of producing a hostile message. *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709 (2009). A hostile message is produced when the actions establish a widespread pattern of bias. *Id.* (citing *Miller v. Dept. of Corrections*, 36 Cal. 4th at 466) (finding a supervisor's repeated shunning of Plaintiff during staff meetings, belittling of Plaintiff's job, reprimands in front of co-workers, as well as negative comments about Plaintiff's body and personality provided evidentiary support of hostile conditions supporting a harassment claim).

11

Plaintiff alleges Defendant refused to accommodate her, but Plaintiff does not allege facts supporting Defendant's refusal to accommodate her was so severe and pervasive that it produced an abusive work environment. Plaintiff fails to allege facts supporting her supervisor's communication with Human Resources was made in an effort to produce a hostile message toward Plaintiff, was done as a result of her disability, or that a widespread pattern of bias occurred. Additionally, Plaintiff's conclusory statement that her supervisor "had malice and fraudulent intent" when he misreported Plaintiff's intention to quit her job does not constitute factual evidence of harassment towards Plaintiff. (ECF No. 13 ¶ 36.)

Plaintiff has not alleged facts sufficient to support her claim for harassment based on her disability under FEHA. Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's ninth claim for harassment with leave to amend.

I. <u>Claim Ten: Retaliation for Filing a Worker's Compensation Claim in Violation of California Labor Code § 132a</u>

Plaintiff alleges Defendant retaliated against her by wrongfully terminating her for filing a worker's compensation claim. (ECF No. 13 ¶ 35.) Defendant argues Plaintiff's Section 132a claim must be dismissed because the statute of limitations expired before she filed her claim and the Worker's Compensation Board has exclusive jurisdiction over Section 132a claims. (ECF No. 14-1 at 6–7.) Plaintiff argues she is not prohibited from bringing a Section 132a claim under *Moorpark v. Superior Court*, and her claim was tolled while the EEOC investigated the discrimination claims. (ECF No. 15 at 8–9.) Defendant argues Plaintiff misapplies *Moorpark* and Plaintiff is unable to establish her burden of proof for equitable tolling. (ECF No. 16 at 2.)

Plaintiff misapplies the holding in *Moorpark* by suggesting a Section 132a claim can be heard by this Court. In *Moorpark*, the California Supreme Court held "Section 132a does not provide an [injured party's] exclusive remedy and does not preclude an employee from pursuing FEHA and common law wrongful discharge remedies." *City of Moorpark v. Superior Court*, 18 Cal.4th 1143, 1158 (1998). However, a Section 132a claim itself must be brought to the Workers' Compensation Appeals Board ("WCAB") because the WCAB is the *exclusive forum* for claims under Section 132a. *See Stone v. Severn Trent Services, Inc.*, No. 2:14-CV-00689-JAM-DAD,

2014 WL 3837481, at *2 (E.D. Cal. July 30, 2014); *Dutra v. Mercy Medical Center Mt. Shasta*, 209 Cal. App. 4th 750, 756 (2012). In other words, a plaintiff may bring a common law or FEHA claim *in addition to* a Section 132a claim, but the WCAB is the proper forum for pursuing a Section 132a claim. *Stone*, 2014 WL 3837481, at *2 (emphasis added). Therefore, Plaintiff is unable to bring a Section 132a claim in this Court. The Court need not analyze Plaintiff's equitable tolling argument because Plaintiff's Section 132a claim is dismissed as a result of improper forum. Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's tenth claim with prejudice.

### J. Claim Eleven: Wrongful Termination in Violation of Public Policy

Plaintiff alleges Defendant wrongfully terminated her in violation of public policy because her termination violated numerous statutes within the ADA and FEHA. (ECF No. 13 ¶ 88.) Defendant argues Plaintiff's wrongful termination claim is not properly pled because Plaintiff did not specifically state the particular statutes and public policies that she claims Defendant violated. (ECF No. 14-1 at 19.) Plaintiff argues she clearly incorporated by reference the seven particular statutes that Defendant violated in her cause of action for wrongful termination in violation of public policy. (ECF No. 15 at 17.) Plaintiff requests leave to amend her complaint to include a violation of California Constitution, Article 1 § 8. (ECF No. 15 at 17.) Defendant argues California Constitution, Article 1 § 8 does not govern disability discrimination claims and is irrelevant to Plaintiff's Complaint.[4] (ECF No. 16 at 9.)

A claim for wrongful termination in violation of public policy requires a plaintiff to prove: (1) the plaintiff was employed by the Defendant; (2) the defendant discharged the employee; (3) the violation of public policy motivated the discharge; and (4) the discharge caused the plaintiff harm. *Hanley v. Aramark Uniform Services, Inc.*, 121 Cal. App. 4th 623, 348-349 (2004). The first two elements are not disputed.

Plaintiff does not plead sufficient factual support to meet the third element of a wrongful termination in violation of public policy. Plaintiff alleges Defendant's ADA and FEHA

---

[4] Plaintiff failed to address in her FAC Defendant's alleged violation of California Const., Art 1 § 8. As a result, the Court will not analyze Defendant's argument regarding the irrelevancy of California Const., Art. 1 § 8 to Plaintiff's claims because there are no facts pled to determine the appropriate outcome at this time.

13

violations constitute violations of the public policies grounded in those statutes. (ECF No. 13 ¶ 88.) However, Plaintiff has failed to successfully raise a cause of action for disability discrimination, harassment, retaliation, failure to accommodate, or failure to engage in the interactive process under the ADA and FEHA. As these amount to all of Plaintiff's other causes of action, Plaintiff's failure to plausibly state a violation of the ADA or FEHA precludes her from raising a wrongful termination claim for violation of public policy. *Sanders v. Arneson Products, Inc.*, 91 F.3d 1351, 1354; *Jennings v. Marralle*, 8 Cal. 4th 121, 135–136 (1994) (finding no public policy claim against employers who have not violated the law).

Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's eleventh claim for wrongful termination in violation of public policy with leave to amend.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's FAC (ECF No. 14) is hereby GRANTED. Plaintiff may file an amended complaint within thirty (30) days of the entry of this Order. Failure to do so will result in this case being closed.

IT IS SO ORDERED.

Dated: February 14, 2018

Troy L. Nunley
United States District Judge