UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH KING, | No. 2:16-cv-00559-TLN-DMC |
| Plaintiff, | |
| v. | **ORDER** |
| C&K MARKET, INC. dba RAY'S FOOD PLACE #25, | |
| Defendant. | |

This matter is before the Court pursuant to Defendant C&K Market, Inc.'s ("Defendant") Motion to Dismiss and Motion to Strike. (ECF No. 22.) Plaintiff Deborah King ("Plaintiff") opposes the motion (ECF No. 23) and Defendant filed a reply (ECF No. 24). For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss, with leave to amend in part, as described herein. (ECF No. 22.) Defendant's Motion to Strike (ECF No. 22) is hereby DENIED.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    A.    <u>Factual Background</u>

This is a wrongful termination case in which Plaintiff alleges Defendant improperly terminated her employment following Plaintiff's requests for leave and accommodations due to her alleged disability. Plaintiff began working for Defendant in June 2003, at its Etna, California store and last worked for Defendant on July 3, 2014. (ECF No. 19 ¶ 5.) Plaintiff alleges Defendant operates over two dozen stores throughout California and Oregon and has over 15 employees. (ECF No. 19 ¶ 3). She also alleges Defendant had over 50 "employees on the payroll during each of any twenty or more calendar weeks in the current calendar year or preceding calendar year." (ECF No. 19 ¶ 3.)

At the beginning of her employment, Plaintiff worked as a clerk cashier and stocker, and later worked as a night manager and file maintenance manager. (ECF No. 19 ¶ 6.) Her essential duties were as follows:

- <u>Clerk: customer service; sweeping and mopping; helping customers carry out groceries.</u>
- <u>Cashier: ringing up and bagging groceries; bringing merchandise into the store.</u>
- <u>Stocker: fill shelves; put away stock.</u>
- <u>Night manager: balance all tills every day; close store at night.</u>
- <u>Filing Maintenance Manager: mark all merchandise as priced; place and remove sales tags and price tags.</u> (ECF No. 19 ¶ 7.)

At the time of her alleged termination, Plaintiff was working as a File Maintenance Manager. (ECF No. 19 ¶ 8.) She also performed some of the tasks required of the clerk, cashier, stocker, and night manager positions. (ECF No. 19 ¶ 8.) John Cluckert ("Cluckert") supervised Plaintiff. (ECF No. 19 ¶ 9.)

On April 18, 2005, Plaintiff alleges she injured her back when lifting heavy bags of dog food while working as a clerk and stocker. (ECF No. 19 ¶ 10.) Plaintiff alleges she had back surgery in March 2006 but the surgery did not completely cure her pain. (ECF No. 19 ¶ 10.) Plaintiff thereafter returned to work, and in September 2006, she tore the meniscus in her left

knee while working at Defendant's store. (ECF No. 19 ¶¶ 11–12.) Plaintiff alleges she eventually had surgery on her knee but continued to experience pain as a result of the injury. (ECF No. 19 ¶ 14.)

In approximately 2008, Plaintiff began experiencing pain in her fingers and hands, which was diagnosed as carpal tunnel and other nerve injuries. (ECF No. 19 ¶¶ 15–16.) Plaintiff asserts the injuries interfered with her ability to work and she needed and requested a reasonable accommodation under the Americans With Disabilities Act ("ADA") and California Fair Employment and Housing Act ("FEHA"). (ECF No. 19 ¶ 17.) Plaintiff further alleges that Defendant agreed to provide an accommodation to Plaintiff but continued to require her to work without accommodation. (ECF No. 19 ¶ 17.)

On October 23, 2013, Plaintiff alleges she had a knee replacement surgery but continued to have pain, which was aggravated when she worked. (ECF No. 19 ¶ 18–19.) Plaintiff asserts that beginning in December 2013, she began to experience pain and numbness in both of her legs while working for Defendant. (ECF No. 19 ¶ 20.) She claims the pain and numbness interfered with her ability to work and she had difficulty with the following tasks: carrying groceries, stocking, cashiering for long periods of time, and lifting/carrying any merchandise. (ECF No. 19 ¶ 20.) Plaintiff asserts she again needed and requested a reasonable accommodation under the ADA and FEHA. (ECF No. 19 ¶ 20.) According to the operative complaint, Plaintiff's manager purportedly told her he would accommodate her such that she would not perform the above tasks but never provided an accommodation. (ECF No. 19 ¶ 20.) Plaintiff further alleges Defendant continued to require her to work without accommodation. (ECF No. 19 ¶ 20.)

Also beginning in December 2013, Plaintiff asserts she began to experience left hip pain. (ECF No. 19 ¶ 21). Similar to the pain and numbness in her legs, the hip pain interfered with her ability to work and Plaintiff claims she needed and requested an accommodation. (ECF No. 19 ¶ 21.) Again, Plaintiff asserts her manager told her he would accommodate her but never provided an accommodation. (ECF No. 19 ¶ 21.)

Ultimately, Plaintiff alleges Defendant refused to accommodate her, engage in the interactive process, or inadequately accommodated despite her repeated requests for

3

accommodation under the ADA and FEHA. (ECF No. 19 ¶ 23.) She alleges all her injuries and pain resulted from work at Defendant's store. (ECF No. 19 ¶ 22.) She argues Defendant's failure to accommodate her further exacerbated her injuries, increased her disability, and resulted in an occasional need for time off work. (ECF No. 19 ¶ 23–24.)

According to the operative complaint, on July 3, 2014, Plaintiff's physician ordered her to be off work immediately due to her disability. (ECF No. 19 ¶ 25.) Plaintiff claims she requested an accommodation of leave under the ADA and the California Family Rights Act/Family and Medical Leave Act ("CFRA/FMLA") by giving a note to her employer. (ECF No. 19 ¶ 26.) Plaintiff alleges that she and her physician both indicated Plaintiff would be able to return to work with reasonable accommodations and would be able to perform the essential functions of her job. (ECF No. 19 ¶ 27.) Plaintiff alleges that at the time of the request she had worked for Defendant for twelve months and for at least 1,250 hours within the twelve months prior to her leave request. (ECF No. 19 ¶ 2.) Plaintiff asserts Defendant did not respond to her request for leave under FEHA or an accommodation under the ADA, and no interactive process was held. (ECF No. 19 ¶ 28.)

Shortly after providing the note to Defendant, Plaintiff alleges Cluckert falsely told Human Resources that Plaintiff had quit her job. (ECF No. 19 ¶ 31–32.) Plaintiff states that it was not until August 2015[1] when Plaintiff realized Defendant had terminated her employment. (ECF No. 19 ¶ 34.) At that time, Plaintiff requested reinstatement to her job but was denied. (ECF No. 19 ¶ 35.)

Plaintiff asserts she filed charges of discrimination, harassment, and retaliation with the Department of Fair Employment and Housing ("DFEH") and Equal Employment Opportunity Commission ("EEOC"). Plaintiff further alleges that on or about January 2016, the EEOC and DFEH both issued her right to sue letters. (ECF No. 19 ¶ 38.)

Plaintiff alleges she has a physical impairment that substantially limits her life activities of

---

[1] In Plaintiff's opposition to the instant motion, Plaintiff states that, "the Second Amended Complaint has a typographical error that Plaintiff requests be corrected by interlineation. Line 34 states the following: 'It was only in August 2015...'. This should have read 'It was only in August 2014....'"

4

walking and working.  (ECF No. 19 ¶ 39.)  She also alleges that she could have performed the essential functions of the multiple jobs she held with Defendant, with accommodation.  (ECF No. 19 ¶ 40.)

### B. Procedural Background

On March 17, 2016, Plaintiff filed a complaint against Defendant for violation of the ADA and California Government Code.  (ECF No. 1.)  Defendant filed a motion to dismiss the original complaint on May 26, 2016 (ECF No. 5), to which Plaintiff filed an opposition (ECF No. 9), seeking leave to file a First Amended Complaint ("FAC").  The parties thereafter stipulated to the filing of the FAC, which the Court approved.  (ECF Nos. 11, 12.)

On July 26, 2016, Plaintiff filed the FAC alleging thirteen causes of action against Defendant.  (ECF No. 13.)  Shortly thereafter, Defendant filed a motion to dismiss the FAC. (ECF No. 14.)  On February 15, 2018, the Court issued an order granting Defendant's motion and dismissing the FAC with leave to amend eleven of the causes of action.  (ECF No. 18 at 14.) Two causes of action were dismissed with prejudice.  (*Id.* at 8, 13.)

On March 9, 2018, Plaintiff filed a Second Amended Complaint ("SAC") re-alleging eleven causes of action.  (ECF No. 19.)  On April 6, 2018, Defendant filed the instant Motion to Dismiss.  (ECF No. 22.)

## II. STANDARD OF LAW

### A. Motion to Dismiss

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

/ / /

6

1    If a complaint fails to state a plausible claim, "[a] district court should grant leave to
2    amend even if no request to amend the pleading was made, unless it determines that the pleading
3    could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130
4    (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see*
5    *also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in
6    denying leave to amend when amendment would be futile).  Although a district court should
7    freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to
8    deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."
9    *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting
10   *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

11   As a general rule, "[a court] 'may not consider any material beyond the pleadings in ruling
12   on a Rule 12(b)(6) motion.'" *United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir.
13   2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).  "[U]nder the
14   'incorporation by reference' doctrine, [however, a court is] permit[ted] [ ] to take into account
15   documents 'whose contents are alleged in a complaint and whose authenticity no party questions,
16   but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d
17   1068, 1076 (9th Cir. 2005) (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th
18   Cir. 1999)).  Courts "have extended the 'incorporation by reference' doctrine to situations in
19   which the plaintiff's claim depends on the contents of a document, the defendant attaches the
20   document to its motion to dismiss, and the parties do not dispute the authenticity of the document,
21   even though the plaintiff does not explicitly allege the contents of that document in the
22   complaint." *Id.*

23           B.      <u>Motion to Strike</u>

24   Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any
25   redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. Pro. 12(f).  "[T]he
26   function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise
27   from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney–Vinstein v.*
28   *A H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, 12(f) motions are "generally

regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id.* Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. Pro. 15(a)(2). If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. *See, generally, Whittlestone, Inc. v. HandiCraft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010).

### III. ANALYSIS

Plaintiff's SAC alleges eleven causes of action against Defendant for violations of the Americans with Disabilities Act (42 U.S.C. § 12112(a), (b)(5)), and California Government Code (Cal. Gov't Code § 12940(a), (j), (k), (m), (n); § 12945.2(t)) (FEHA Violations). (*See, generally,* ECF No. 19.) Defendant moves the Court to dismiss each of Plaintiff's claims under Rule 12(b)(6). (ECF No. 22-1.) The Court addresses each of Plaintiff's claims below.

#### A. Claim One: Disability Discrimination in Violation of 42 U.S.C. § 12112(a) (ADA Violation) & Claim Four: Disability Discrimination in Violation of California Code § 12940(a) (FEHA Violation)[2]

Plaintiff alleges Defendant discriminated against her by terminating her employment due to her disability. (ECF No. 19 ¶ 45.) Defendant moves to dismiss this claim without leave to amend, arguing Plaintiff cannot establish a *prima facie* case of disability discrimination since she has not established she is a "qualified individual" under the ADA or FEHA. (ECF No. 22-1 at 13.) Plaintiff asserts she is a qualified individual under the ADA and FEHA because she has a disability and could perform the essential functions of her job with an accommodation of leave

---

[2] Plaintiff's FAC alleged three separate ADA violations, which the Court addressed in its Order on Defendant's Motion to Dismiss the FAC as claims of discrimination, harassment, and retaliation, respectively. (ECF No. 18.) By way of that Order, the Court dismissed the harassment claim without leave to amend. (ECF No. 18 at 8.) Accordingly, the Court addresses only the discrimination and retaliation claims asserted in Plaintiff's first cause of action.

8

from work.  (ECF No. 23 at 10–11.)  Defendant argues that because Plaintiff could not work at the time the employment decision was made, she was not capable of performing the essential functions of the job.  (ECF No. 24 at 2–3.)

The ADA prohibits an employer from discriminating against a qualified individual with a disability because of the disability.  *Ravel v. Hewlett-Packard Enter.*, Inc., 228 F. Supp. 3d 1086, 1092 (E.D. Cal. 2017) (citing *Nunes v. Wal-Mart Stores*, 164 F.3d 1243, 1246 (9th Cir. 1999)) (quoting U.S.C.A. § 12112(a) (West)).  To state a claim for disability discrimination under the ADA, a plaintiff must allege facts that plausibly show: (1) she is a disabled person within the meaning of the ADA; (2) she is a qualified individual with a disability; and (3) she suffered an adverse employment action because of her disability.  *Id.* (quoting *Hutton v. Elf Atochem N. Am.*, Inc., 273 F.3d 884, 891 (9th Cir. 2001).  A plaintiff must "provide at least some factual allegations in support of each element of her ADA claim, thereby allowing the court to draw the reasonable inference that [the defendant] is liable under that statute."  *Steiner v. Verizon Wireless*, No. 2:13-CV-1457-JAM-KJN, 2014 WL 202741, at *5 (E.D. Cal. Jan. 17, 2014).

The ADA defines a qualified individual as one who is able to perform the essential functions of his or her job with or without reasonable accommodation at the time of his or her termination.  *Nunes*, 164 F.3d at 1246; *Kaplan v. City of North Las Vegas*, 323 F.3d 1226, 1230 (9th Cir. 2003).  A plaintiff bears the burden of demonstrating she can perform the essential functions of her job with or without reasonable accommodation.  *Kennedy v. Applause*, 90 F.3d 1477, 1481 (9th Cir. 1996) (citing *Lucero v. Hart*, 915 F.2d 1367, 1371 (9th Cir. 1990)).

Although Plaintiff added factual details about the essential duties of her job (ECF No. 19 ¶ 7), Plaintiff's SAC remains deficient of facts to support the reasonable inference that she is a qualified individual under the ADA.  Plaintiff asserts she is a qualified individual under the ADA because she could perform her essential duties which include carrying bags, stocking heavy items, carrying merchandise, and standing at the cash register.  (ECF No. 19 ¶ 7.)  "For a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Here, Plaintiff does not allege facts which

plausibly suggest she was capable of performing her essential duties with or without reasonable accommodation.  Rather, Plaintiff alleges she had difficulty performing a variety of her essential duties including lifting heavy materials, standing, or stocking items given her litany of injuries, and further claims Defendant offered accommodations to her which would have exempted her from performing these tasks given her ailments.  (ECF No. 19 ¶¶ 4, 17, 19, 21, 23.)  But businesses are not obligated to exempt their employees from their essential duties as a reasonable accommodation.  *See e.g.*, *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 375, (2015) (holding that an accommodation that removes essential job duties is not reasonable).

Further, Plaintiff alleges she requested a reasonable accommodation in the form of leave for an unspecified amount of time.  (ECF No. 19 ¶ 26.)  While leave may be an appropriate and reasonable accommodation, indefinite and unspecified leave is not.  Courts in this district have held that regular physical attendance is an essential function of a cashier position similar to Plaintiff's job for Defendant.  *See Neufeld v. Winco Holdings, Inc.*, No. 1:14-CV-1505 DAD JLT, 2016 WL 815649, at *4 (E.D. Cal. Mar. 2, 2016).  Moreover, Plaintiff's complaint contains the same legal conclusions cast in the form of factual allegations that the Court criticized in its order granting Plaintiff leave to amend this claim.  (ECF No. 19 ¶ 27; ECF No. 13 ¶ 31.)  Indeed, Plaintiff alleges only that she would be able to return to work with a reasonable accommodation, with no factual support for such a statement.  Simply put, Plaintiff does not allege facts sufficient to demonstrate her ability to perform the essential functions of her job with or without a reasonable accommodation.  Accordingly, Plaintiff fails to plead sufficient facts demonstrating she is a qualified individual under the ADA.

Plaintiff also alleges a FEHA violation, Cal. Gov't Code § 12940(a), as a second basis for Defendant's alleged disability discrimination.  (ECF No. 19 at 10.)  Courts often analyze FEHA and federal disability claims together, relying on federal authority in the absence of contrary or differing state law.  *Ravel*, 228 F. Supp. 3d at 1095 (citing *Humphrey*, 239 F.3d at 1133 n.6).  To state a claim for disability discrimination under FEHA, a plaintiff must allege facts that plausibly show: (1) plaintiff suffers from a disability; (2) plaintiff is a qualified individual; and (3) plaintiff was subjected to an adverse employment action because of the disability.  *Id.*  The definition of a

"qualified individual" under FEHA is synonymous with that under the ADA. *Ravel*, 228 F. Supp. 3d at 1095 (citing *Bates v. United Parcel Serv.*, Inc., 511 F.3d 974, 999 (9th Cir. 2007). Given Plaintiff's failure to allege facts sufficient to show she was qualified under the ADA, the same is true under FEHA. Therefore, Plaintiff's FEHA discrimination claim is not sufficiently pleaded.

Plaintiff has had two opportunities to assert additional facts to support her claim. The insignificant changes to her SAC from her FAC indicate an inability to cure her pleading as to the issue of whether she was a qualified individual under the ADA and FEHA. Accordingly, the Court finds further amendment would be futile and GRANTS Defendant's motion to dismiss as to Plaintiff's first and fourth claims of discrimination without leave to amend.

B.  Claim One: Retaliation in Violation of 42 U.S.C. § 12112(a)

Plaintiff alleges Defendant terminated her employment in retaliation for her request for medical leave due to disability. (ECF No. 19 ¶ 31–34.)  Defendant argues Plaintiff cannot show that her alleged requests for accommodation had a causal connection to any adverse action taken against her, which is a requirement of a retaliation claim under the ADA. (ECF No. 22 at 25.) Defendant additionally asserts Plaintiff cannot state any adverse employment action nor any protected activity under the ADA. (*Id.* at 25–26.)

To state a claim for retaliation under the ADA, a plaintiff must show: "(1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two." *Coons v. Secretary of U.S. Dept. of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (quoting *Brown v. City of Tuscon*, 336 F.3d 1181, 1187). The plaintiff must present "evidence adequate to create an inference that an employment decision was made based on an illegal discriminatory criterion." *Coons*, 383 F.3d at 887 (quoting *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996)). The Ninth Circuit has held the proximity in time between a protected act and the retaliatory act can be dispositive of a causal connection. *Coons*, 383 F.3d at 887 (holding a full year between Plaintiff's request for a reasonable accommodation and his demotion was inadequate without more facts to show a causal link between the protected activity and the adverse employment action he suffered).

/ / /

11

Plaintiff states she requested leave on July 3, 2014, when she gave Defendant her doctor's note indicating that she "be off work immediately." (ECF No. 19 ¶¶ 25–26.) Plaintiff then asserts that sometime "shortly thereafter," Cluckert falsely communicated to Human Resources that Plaintiff quit her job. (*Id.* ¶ 31.) As with the FAC, Plaintiff's SAC fails to allege the actual date of her termination or when her supervisor communicated with Human Resources that Plaintiff quit her job, and further fails to allege facts regarding the continuing relationship between Plaintiff and Defendant from July 2014 to August 2015. As such, Plaintiff provides no new factual details to demonstrate a causal connection between her request for leave and the termination of her employment.

In her opposition, however, Plaintiff insists she found out about her termination in August 2014 rather than August 2015 as listed in the SAC and seeks to correct the purported "typographical error." (ECF No. 23 at 6.) The Court is suspicious of Plaintiff's request given that all previous iterations of Plaintiff's complaint contain the August 2015 date. Indeed, in its previous order dismissing this claim with leave to amend, the Court noted, "Plaintiff does not allege facts regarding the relationship between her and Defendant between July 3, 2014 and August 2015." (ECF No. 18 at 9.) When Plaintiff filed her SAC, she provided no new facts about the nature of the relationship and continued to assert that "[i]t was only in August 2015" that she realized she had been terminated by Defendant. (ECF No. 19 ¶ 34).

Still, a court will freely grant leave to amend a complaint to correct matters such as a "typographical error" as purported by Plaintiff. *Ecological Rights Found.*, 713 F.3d at 520. And more importantly, the Court notes that Plaintiff's opposition to Defendant's *previous* motion to dismiss refers to August 2014. (*See* ECF No. 15 at 6.) The Court is therefore inclined to give Plaintiff the benefit of the doubt that the continual references to August 2015 are an oversight, and that the request to correct the date is sincere. Moreover, such a correction may cure the deficiencies with Plaintiff's claim the Court previously identified. *See Lopez*, 203 F.3d at 1130.

As for Defendant's insistence that no adverse employment action occurred, the Court does not agree. Defendant's position is rooted in a finding that Plaintiff quit her job and therefore could not have been terminated. But reading the complaint in the light most favorable to

1    Plaintiff, Plaintiff asserts she submitted a doctor's note and request for leave, at no time indicated
2    an intent to quit, and was thereafter terminated.  (ECF No. 19 ¶¶ 30–33.)  Termination is an
3    adverse action.

4          Lastly, Defendant argues Plaintiff cannot show she engaged in an ADA-protected activity
5    (seeking an accommodation) because Plaintiff must first show she suffered from impairments that
6    substantially limited a major life activity in order to justify a good faith reasonable belief she was
7    entitled to accommodations.  Defendant is correct that a plaintiff asserting a retaliation claim must
8    establish that, at the time she requested accommodation, her belief that she was disabled was
9    objectively reasonable.  But the ADA does not require a plaintiff to establish she is actually
10   disabled within the meaning of the ADA to successfully plead a retaliation claim.  Rather, "the
11   ADA prohibits an employer from retaliating against an employee who seeks an accommodation
12   in good faith."  *See Coons*, 383 F.3d at 887 (quoting *Heisler v. Metropolitan Council*, 339 F. 3d
13   622, 630 n.5 (2003)).  Again, taking as true the allegations as they are pleaded, the Court finds
14   Plaintiff has sufficiently alleged facts supporting the inference that she sought an accommodation
15   in good faith based on her reasonable belief that she was entitled to an accommodation.
16   Especially at this early pleading stage, Plaintiff need not submit evidence supporting that her
17   belief was objectively reasonable.  Her factual allegations as set forth in the SAC — including
18   that she submitted a doctor's note taking her "off work" due to injuries that affected her ability to
19   work — are sufficient.

20         Defendant's motion to dismiss as to Plaintiff's first claim for retaliation under the ADA is
21   therefore GRANTED with leave to amend.  More specifically, Plaintiff may amend her retaliation
22   claim to correct the date in question to August 2014, and to allege any additional facts in support
23   of a causal connection between her request for leave and the termination of her employment.

24         C.     <u>Claim Two: Failure to Make a Reasonable Accommodation in Violation of</u>
25                <u>42 U.S.C. § 12112(b)(5) And Claim Six: California Government Code §</u>
26                <u>12940(f)</u>

27        Plaintiff alleges Defendant was aware of and agreed to accommodate her disability, but
28   then refused to accommodate or inadequately accommodated that disability.  (ECF No. 19 ¶¶ 17,

1   20, 21, 23, 28.)  For Plaintiff to state a claim for failure to make a reasonable accommodation, she
2   must allege she is a qualified individual under the ADA and FEHA, meaning she must allege she
3   is able to perform the essential function(s) of her job with reasonable accommodation.  *Allen v.*
4   *Pac Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (citing *Nunes*, 164 F.3d at 1246).  As the Court
5   noted above, Plaintiff has failed to allege facts sufficient to show she was a qualified individual
6   under the ADA or FEHA.  For the same reasons, Plaintiff's claims for failure to reasonably
7   accommodate under the ADA or FEHA are not sufficiently pleaded, and her SAC indicates an
8   inability to cure these claims.  Therefore, the Court GRANTS Defendant's motion to dismiss as to
9   Plaintiff's second and sixth claims for failure to accommodate under the ADA and FEHA without
10  leave to amend.

    D.   Claim Three: Failure to Engage in the Interactive Process in Violation of
         42 U.S.C. § 12112(b)(5) & Claim Seven: California Government Code §
         129410(n)

14       Plaintiff alleges Defendant refused to engage in the interactive process required under the
15  ADA and FEHA despite repeated requests for accommodation.  (ECF No. 19 ¶¶ 23, 28.)
16  Defendant argues both claims necessarily must fail because Plaintiff is not a qualified individual
17  and did not initiate in the interactive process, a responsibility of the employee under the ADA and
18  FEHA.  (ECF No. 22-1 at 15–16.)  Defendant is correct that in order to state a claim for failure to
19  engage in the interactive process, Plaintiff must allege she is a qualified individual under the
20  ADA and FEHA.  42 U.S.C. § 12112(b)(5); Cal Gov't Code § 12940(a)(1).  As the Court
21  reasoned above, Plaintiff has failed to allege facts sufficient to show she was a qualified
22  individual under the ADA or FEHA.  Therefore, the Court GRANTS Defendant's motion to
23  dismiss as to Plaintiff's third and seventh claims for failure to engage in the interactive process
24  under the ADA and FEHA without leave to amend.

    E.   Claim Five: Failure to Take All Reasonable Steps to Prevent Harassment
         and Discrimination in Violation of California Government Code §
         12940(k)

28       Plaintiff alleges Defendant failed to take reasonable steps to prevent harassment and

discrimination in violation of California Government Code § 12940(j).  (ECF No. 19 ¶ 28.)  In moving to dismiss, Defendant argues Plaintiff cannot sustain this claim because her underlying claims fail to state facts sufficient to constitute causes of action.  (ECF No. 22-1 at 21.)  The Court agrees.

To state a claim of failure to prevent harassment and discrimination, a plaintiff must allege facts sufficient to support an underlying harassment or discrimination cause of action.  *Dickson v. Burke Williams, Inc.*, 234 Cal. App. 4th 1307, 1317–18 (2015) (finding that a failure to prevent sex discrimination cannot exist if actionable sex discrimination cannot be found).  As the Court reasoned above, Plaintiff has failed to properly allege her status as a qualified individual under the ADA or FEHA, which is a required element of her underlying discrimination and harassment claims.  Because Plaintiff has not properly pleaded and appears unable to cure her pleadings to state a harassment or discrimination cause of action, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's fifth claim for failure to take reasonable steps to prevent harassment or discrimination without leave to amend.

    F. <u>Claim Eight: Interference and Denial of Rights in Violation of California Government Code § 12945.2(t)</u>

Plaintiff alleges Defendant interfered with and denied her rights under the CFRA/FMLA when Defendant did not respond to her medical leave request.  (ECF No. 19 ¶ 28.)  Defendant argues Plaintiff does not allege facts to show Defendant was subject to the CFRA/FMLA or that Plaintiff was eligible for CFRA/FMLA leave.  (ECF No. 22-1 at 24.)  Plaintiff contends the eligibility requirements are met based on Plaintiff's hours of work and Defendant's number of employees.  (ECF No. 23 at 13–15.)  In reply, Defendant seems to concede Plaintiff's position, but argues Plaintiff nevertheless fails to sufficiently plead CFRA eligibility.  (ECF No. 24 at 6–7.)  More specifically, Plaintiff fails to allege she provided Defendant with sufficient verbal notice, including the anticipated time and length of requested leave, which is required for CFRA leave. (*Id.*)

The CFRA — the California corollary to the FMLA — makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of, or attempt to exercise, any right" provided by

the CFRA. Cal. Gov't Code § 12945.2(t). "The CFRA and FMLA provide similar protections; accordingly, 'courts use language from [these acts] interchangeably.'" *James v. Dependency Legal Grp.*, 253 F. Supp. 3d 1077, 1102 (S.D. Cal. 2015) (quoting *Richey v. AutoNation, Inc.*, 60 Cal.4th 909, 919 (2015)). Generally, the CFRA "requires an employer of 50 or more persons to grant a request by a qualified employee to take up to 12 weeks in any 12-month period for family care or medical leave." *Moore v. Regents of Univ. of Cal.*, 248 Cal. App. 4th 216, 233 (2016). An interference claim under the CFRA "consists of the following elements: (1) employee's entitlement to CFRA leave rights; and (2) the employer's interference with those rights." *Moore*, 248 Cal. App. 4th at 250 (quoting *McClain v. Cenveo Corp.*, No. 2:12-cv-00765-GEB-GGH, 2013 WL 5250269, at *21 (E.D. Cal. Sept. 16, 2013)).

The Court finds Plaintiff provides sufficient facts to demonstrate Defendant was subject to the CFRA/FMLA. On the issue of whether Plaintiff provided Defendant sufficient notice of her requested leave, however, "an employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs CFRA leave, and the anticipated timing and duration of the leave." *Id.* at 249; *see also* Judicial Council of California Civil Jury Instruction ("CACI") No. 2600. While Plaintiff asserts she provided a note indicating she must be removed from work and further contends she and her physician maintained "Plaintiff would be able to return with reasonable accommodations" (ECF No. 19 ¶ 27), Plaintiff's SAC fails to allege that she provided any notice regarding how long of a leave she needed. The SAC therefore fails to properly allege sufficient notice, and Defendant's motion as to Plaintiff's eighth claim of interference and denial of rights under the CFRA/FMLA is GRANTED. Because this deficiency was not previously identified and may be cured by amendment, dismissal is with leave to amend.[3]

### G. Claim Nine: Harassment in Violation of California Government Code § 12940(a)

---

[3] Indeed, this argument was raised for the first time in Defendant's reply brief. While Defendant attempts to conflate Plaintiff's eligibility (as raised in the moving papers) with Plaintiff's notice (as raised only in reply), they are distinct arguments. Nonetheless, the Court has discretion to consider arguments raised for the first time in reply, *see Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008), and — especially because Plaintiff is given leave to amend with respect to other claims — finds dismissal with leave to amend proper here.

Plaintiff alleges Defendant harassed her based on her disability by falsely reporting to Human Resources her intent to quit when she requested leave and by denying her reinstatement request. (ECF No. 19 ¶¶ 26–36.) Defendant argues Plaintiff fails to plead sufficient facts to show the alleged conduct of Defendant was severe or pervasive. (ECF No. 22-1 at 19.) Plaintiff argues Defendant's actions were malicious and, due to the result of termination, sufficiently severe to alter the conditions of employment and create an abusive work environment." (ECF No. 23 at 24, internal quotation marks and citation omitted.)

Under FEHA, harassment in the workplace consists of "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Cofer v. Parker-Hannifin Corporation*, 194 F. Supp. 3d 1014, 1018 (C.D. Cal. 2016); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 409 (1994) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). Harassing conduct generally occurs outside the scope of necessary job performance, and is presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives. *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). However, official employment actions based on a person's disability can constitute harassment under FEHA when they have the secondary effect of producing a hostile message. *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709 (2009). A hostile message is produced when the actions establish a widespread pattern of bias. *Id.* (citing *Miller v. Dep't. of Corr.*, 36 Cal. 4th at 466) (finding a supervisor's repeated shunning of the plaintiff during staff meetings, belittling of the plaintiff's job, reprimands in front of co-workers, as well as negative comments about the plaintiff's body and personality indicated hostile conditions supporting a harassment claim).

In opposition, Plaintiff argues she added more allegations to meet the pleading requirements, specifically paragraphs 31 and 32 of the SAC. (ECF No. 23 at 15.) But paragraph 31 of the SAC is a compilation of facts previously pled in the FAC. (*See* ECF No. 13 ¶¶ 31, 35.) And paragraph 32 of the SAC matches nearly verbatim to paragraph 36 of the FAC. (*Compare* ECF No. 19 ¶ 32 ("By telling Wilkson that Plaintiff had quit her job, Cluckert lied. Cluckert had malice and fraudulent intent towards Plaintiff."), *with* ECF No. 13 ¶ 36 ("By telling Wilkinson

17

that Plaintiff had quit her job, Cluckert had malice and fraudulent intent towards Plaintiff.").) Moreover, the Court previously found Plaintiff's statement about Defendant's alleged "malice and fraudulent intent" to be conclusory and therefore did not support an allegation of harassment towards Plaintiff. (*See* ECF No. 18 at 12.)

Though Plaintiff's opposition uses more colorful language about the conduct of Defendant, that language is still conclusory, and the Court again finds Plaintiff has not alleged facts demonstrating Defendant's conduct was so severe or pervasive as to produce an abusive or hostile work environment. As the Court previously found, Plaintiff continues to fail to allege facts supporting her position that her supervisor's communication with Human Resources was made in an effort to send a hostile message to Plaintiff, was done as a result of her disability, or was indicative of a widespread pattern of bias. Moreover, Plaintiff's argument that her SAC contains more allegations to meet the pleading requirement is unsupported, indicating an inability to cure this defect. Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's ninth claim for harassment without leave to amend.

H.   Claim Ten: Wrongful Termination in Violation of Public Policy

Plaintiff alleges Defendant wrongfully terminated her in violation of public policy because her termination violated several provisions of the ADA and FEHA. (ECF No. 19 ¶ 90.) Defendant argues Plaintiff does not meet the specific pleading standards required for this claim since she failed to provide a specific statute on which she is basing her wrongful termination claim. (ECF No. 22-1 at 25.) Plaintiff argues she has now stated a claim as a qualified individual under the ADA and FEHA, so Defendant's conduct violated those laws in a way that constitutes a violation of public policy. (ECF No. 23 at 16.)

A claim for wrongful termination in violation of public policy requires a plaintiff to prove: (1) the plaintiff was employed by the defendant; (2) the defendant discharged the employee; (3) the violation of public policy motivated the discharge; and (4) the discharge caused the plaintiff harm. *Hanley v. Aramark Uniform Services, Inc.*, 121 Cal. App. 4th 623m 348-49 (2004). The first two elements are not disputed.

///

The Court finds Plaintiff has not pleaded sufficient facts to meet the third element of a wrongful termination in violation of public policy. Plaintiff alleges Defendant's ADA and FEHA violations constitute violations of the public policies grounded in those statutes. (ECF No. 19 ¶ 90.) As previously discussed, however, the SAC as currently pleaded fails to successfully state a cause of action under any provision of the ADA or FEHA. Plaintiff's inability to plausibly state a violation of the ADA or FEHA therefore precludes her from raising a wrongful termination claim for violation of public policy. *Sanders v. Arneson Products, Inc.*, 91 F.3d 1351, 1354; *Jennings v. Marralle*, 8 Cal. 4th 121, 135-36 (1994) (finding no public policy claim against employers who have not violated the law). Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's tenth claim for wrongful termination in violation of public policy. To the extent Plaintiff is granted leave to amend any of her underlying claims such that they might form a basis for a public policy claim, dismissal of this claim is also with leave to amend.

### IV.     MOTION TO STRIKE

Lastly, Defendant moves to strike Plaintiff's prayer for punitive damages, arguing Plaintiff does not plead sufficient factual context to support a finding of malice or fraudulent intent necessary to state a claim for punitive damages. (ECF No. 22-1 at 25–26.) Defendant contends Plaintiff's allegations that Cluckert had knowledge of the falsity of statements or a reckless disregard for the truth are legal conclusions not sufficient to support a finding of malice. (*Id.*) In opposition, Plaintiff asserts a prayer for punitive damages need not meet any specificity requirement and may rely "entirely on unsupported and conclusory averments of malice or fraudulent intent." (ECF No. 23 at 25.) Regardless of the pleading standard, material may be stricken under Rule 12(f) only when it is "redundant, immaterial, impertinent or scandalous matter" or "an insufficient defense." Fed. R. Civ. P. 12(f). Plaintiff's prayer for punitive damages does not fall within any of these categories of material that can be stricken. *Estate of Prasad ex rel. Prasad v. Cnty. of Sutter*, 958 F.Supp.2d 1101, 1128 (E.D. Cal. 2013) (denying the defendant's motion to strike the plaintiff's prayer for punitive damages because such claim for damages satisfies none of the five categories of material that may be stricken under Rule 12(f)) (internal citations omitted). As such, Defendant's Motion to Strike is DENIED.

**V.    CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 22) is hereby GRANTED as follows:

1. Defendant's motion to dismiss as to Plaintiff's first and fourth claims of discrimination is GRANTED without leave to amend;

2. Defendant's motion to dismiss as to Plaintiff's first claim for retaliation under the ADA is GRANTED with leave to amend;

3. Defendant's motion to dismiss as to Plaintiff's second and sixth claims for failure to accommodate under the ADA and FEHA is GRANTED without leave to amend;

4. Defendant's motion to dismiss as to Plaintiff's third and seventh claims for failure to engage in the interactive process under the ADA and FEHA is GRANTED without leave to amend;

5. Defendant's motion to dismiss as to Plaintiff's fifth claim for failure to take reasonable steps to prevent harassment or discrimination is GRANTED without leave to amend;

6. Defendant's motion to dismiss as to Plaintiff's eighth claim of interference and denial of rights under the CFRA/FML is GRANTED with leave to amend;

7. Defendant's motion to dismiss as to Plaintiff's ninth claim for harassment is GRANTED without leave to amend; and

8. Defendant's motion to dismiss as to Plaintiff's tenth claim for wrongful termination in violation of public policy is GRANTED with leave to amend.

Plaintiff is directed to file an amended complaint not later than 30 days from the date of electronic filing of this order.

Defendant's Motion to Strike (ECF No. 22) is DENIED.

IT IS SO ORDERED.

DATED: August 25, 2020

Troy L. Nunley
United States District Judge