UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH KING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C&K MARKET, INC. dba RAY'S FOOD PLACE #25,<br><br>　　　　　Defendant, | No. 2:16-cv-00559-TLN-DMC<br><br>**ORDER** |

　　　　This matter is before the Court on Defendant C&K Market, Inc.'s ("Defendant") Motion to Dismiss.  (ECF No. 30.)  Plaintiff Deborah King ("Plaintiff") opposes the motion.  (ECF No. 31.)  Defendant filed a reply.  (ECF No. 32.)  For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

I. **FACTUAL AND PROCEDURAL BACKGROUND**[1]

This case arises out of an employment dispute between the parties in the summer of 2014 in which Plaintiff alleges Defendant improperly terminated her employment following Plaintiff's requests for leave and accommodations due to her alleged disability. (ECF No. 29.) Plaintiff filed this action on March 17, 2016. (ECF No. 1.) Plaintiff filed the operative Third Amended Complaint ("TAC") on September 21, 2020, alleging violations of the Americans with Disabilities Act ("ADA") and the California Family Rights Act ("CFRA"), as well as wrongful termination. (ECF No. 29.) On October 5, 2020, Defendant filed the instant motion to dismiss. (ECF No. 30.)

II. **STANDARD OF LAW**

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

---

[1] The Court need not recount all the background facts of the instant case here, as they are set forth fully in the Court's August 25, 2020 Order. (ECF No. 28.) The background facts have not substantially changed since the filing of Plaintiff's Third Amended Complaint.

2

1    relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

2    Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of
3    factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).
4    While Rule 8(a) does not require detailed factual allegations, "it demands more than an
5    unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A
6    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
7    elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678
8    ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
9    statements, do not suffice.").  Thus, '[c]onclusory allegations of law and unwarranted inferences
10   are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355,
11   F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the
12   plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws
13   in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*
14   *Council of Carpenters*, 459 U.S. 519, 526 (1983).

15   Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
16   facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim
17   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
18   reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
19   680.  While the plausibility requirement is not akin to a probability requirement, it demands more
20   than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility
21   inquiry is "a context-specific task that requires the reviewing court to draw on its judicial
22   experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or
23   her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly
24   dismissed.  *Id.* at 680 (internal quotations omitted).

25   **III.    ANALYSIS**

26   Plaintiff's TAC alleges three causes of action against Defendant for violation of the ADA
27   (42 U.S.C. § 12112(a)), CFRA (Cal. Gov't Code § 12945.2(t)), and wrongful termination in
28   violation of public policy.  (*See* ECF No. 29.)  Defendant moves to dismiss all three claims in

Plaintiff's TAC under Rule 12(b)(6).  The Court will address each claim in turn.

        A.        <u>Claim One: Americans with Disabilities Act, 42 U.S.C. § 12112(a)</u>

Defendant argues the Court should dismiss Plaintiff's ADA retaliation claim because Plaintiff fails to adequately allege an essential element — a causal connection between her alleged requests for accommodation of her disability and her termination.  (ECF No. 30-1 at 6 – 7.)  In opposition, Plaintiff argues she has complied with the Court's August 25, 2020 Order dismissing this claim in her Second Amended Compliant ("SAC") by amending the year she was terminated to 2014 and adding thirteen paragraphs alleging facts going to causation.  (ECF No. 31 at 4–6 (citing ECF No. 29 ¶¶ 25–37).)  In reply, Defendant argues the paragraphs added to Plaintiff's TAC are insufficient to plead causation under the ADA because Plaintiff fails to allege the actual date of her termination, when her supervisor communicated to Defendant's human resources that she had quit her job, or any facts alleging any continuing or contentious relationship with Defendant between her request for an accommodation and the time she was allegedly terminated.  (ECF No. 32 at 4.)

"A *prima facie* case of retaliation requires a plaintiff to show: (1) involvement in a protected activity[;] (2) an adverse employment action[;] and (3) a causal link between the two."  *Coons v. Secretary of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (quoting *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003)) (internal quotation marks omitted).  "The plaintiff must present evidence adequate to create an inference that an employment decision was *based on* an illegal discriminatory criterion."  *Id.* (quoting *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996)) (internal quotation marks omitted) (emphasis in original).  In other words, Plaintiff must establish a link between her request for a reasonable accommodation and her termination.

Plaintiff's allegation Defendant fired her within one month of her request for an accommodation creates a reasonable inference that the termination was caused by her request.  Plaintiff's TAC alleges that on July 3, 2014, she provided Defendant a note from her doctor stating she needed to go on leave but could return with reasonable accommodation.  (ECF No. 29 ¶¶ 30–32.)  Defendant allegedly fired Plaintiff shortly thereafter.  (*Id.* at ¶ 32.)  Plaintiff allegedly

4

did not find out about her termination until sometime later, in August 2014. (*Id.* at ¶ 35.) This minimal evidence of retaliatory animus, premised entirely on the proximity in time between the request for accommodation and the termination, may well be insufficient to survive summary judgment. However, at this stage of litigation, where the Court is obligated to give Plaintiff the benefit of every reasonable inference to be drawn from the TAC, it is enough to state a claim of retaliation under the ADA. *See Katz v. City Metal Co., Inc.*, 87 F.3d 26, 30 n.2 (1st Cir. 1996) ("A plaintiff may indirectly prove that he was discriminated against because of a disability by using the prima facie case and burden shifting methods that originated in *McDonnell Douglas Corp. v. Green* . . . ."); *see also Coons*, 383 F.3d at 887 (describing the burden-shifting analysis).

Defendant's reliance on *Coons* and *Chou v. Potter* is unavailing. Both courts suggested that while a period of over a year between the request and the adverse action did not create an inference of causation, a closer period may be sufficient. *See Coons*, 383 F.3d at 887; *Chou v. Potter*, No. CV 06-5683-GAF-RCX, 2008 WL 11338553, at *6 (C.D. Cal. Sept. 26, 2008). Furthermore, although Defendant argues Plaintiff's claim should be dismissed because she fails to allege the date of her termination or of her supervisor's communications with human resources, Defendant provides no authority or argument as to why these specific dates are necessary for Plaintiff to state a claim in her TAC. (*See* ECF No. 30-1 at 6–7; ECF No. 32 at 3–4.) In the Court's August 25, 2020 Order dismissing Plaintiff's SAC, it reasoned Plaintiff's failure to plead these dates as well as any other facts from July 2014 to August 2015 meant she failed to establish the requisite link between her request for accommodation and her termination. (ECF No. 28 at 12.) However, that analysis was based on Plaintiff's allegation she did not learn of her termination until a year after she had engaged in the protected activity. (*See id.*) Plaintiff's TAC amended the date she was notified of her termination to August 2014, thereby shortening the period between the protected activity and the adverse action significantly. (ECF No. 29 ¶ 35.) Defendant, however, fails to explain why the Court's prior analysis should apply to the TAC. Furthermore, Defendant ignores the portion of the Court's Order noting that truncating the period between the request and Plaintiff's termination by an entire year may "cure the deficiencies with Plaintiff's claim." (ECF No. 28 at 12.)

Therefore, Plaintiff adequately pleads facts giving rise to a reasonable inference Defendant fired her because of her protected activity. *See Coons*, 383 F.3d at 887. As Defendant challenges no other element of Plaintiff's ADA claim, the Court DENIES Defendant's motion to dismiss as to Plaintiff's ADA claim.

B. <u>Claim Two: California Family Rights Act, Cal. Gov't Code § 12945.2(t)</u>

Defendant moves to dismiss Plaintiff's second claim on the grounds that Plaintiff fails to allege she provided Defendant with sufficient verbal notice, including the anticipated time and length of requested leave, which is required for CFRA leave. (ECF No. 30-1 at 7–8.) In opposition, Plaintiff contends such specificity is not required to provide notice under CFRA. (ECF No. 31 at 6–9.) In reply, Defendant argues Plaintiff's arguments are meritless because she relies on a misreading of Cal. Code Regs., tit. 2, § 11091 and inapplicable case law. (ECF No. 32 at 4.)

Generally, CFRA "requires an employer of 50 or more persons to grant a request by a qualified employee to take up to 12 weeks in any 12-month period for family care or medical leave." *Moore v. Regents of Univ. of Cal.*, 248 Cal. App. 4th 216, 233 (2016). A CFRA interference claim "consists of the following elements: (1) employee's entitlement to CFRA leave rights; and (2) the employer's interference with those rights." *Id.* at 250 (quoting *McClain v. Cenveo Corp.*, No. 2:12-cv-00765-GEB-GGH, 2013 WL 5250269, at *7 (E.D. Cal. Sept. 16, 2013)). However, to interfere with an employee's rights under CFRA, an employer must be aware the employee needs CFRA leave. *See id.* at 251. To that end, an employee must reasonably request leave under CFRA. *See* Cal. Gov't Code § 12945.2. The California legislature delegated the authority to adopt regulations specifying the elements of a reasonable request to the Fair Employment and Housing Council (the "Council"). *See id.*; Cal. Code Regs., tit. 2, § 11088(b)(2) ("A request to take a CFRA leave is reasonable if it complies with any applicable notice requirements, as specified in [§] 11091."). A reasonable request to take CFRA leave shall include "the anticipated timing and duration of the leave." Cal. Code Regs., tit. 2, § 11091(a)(1).

///

Furthermore, CFRA has a federal counterpart — the Family and Medical Leave Act of 1993 ("FMLA").  *Pang v. Beverly Hosp., Inc.*, 79 Cal. App. 4th 986, 993 (2000); *see generally* 29 U.S.C. §§ 2061–2654.  The Council has incorporated the federal regulations interpreting FMLA to the extent they do not conflict with state law.  *See* Cal. Code Regs., tit. 2, § 11096.  The federal regulations require employees provide employers the "anticipated duration of the absence" as part of the employee's duty to "provide sufficient information for an employer to reasonably determine whether the FMLA may apply to the leave request."  29 C.F.R. § 825.303.

However, as Plaintiff correctly notes in her opposition, employers bear a burden under CFRA to "inquire further if an employee presents the employer with a CFRA-qualifying reason for requesting leave."  (ECF No. 31 at 8); *Moore*, 248 Cal. App. 4th at 249; *see also* Cal. Code Regs., tit. 2, § 11091(a)(1).  The regulations mention both commencement date and expected duration as examples of "necessary information concerning the leave" about which an employer should inquire.  Cal. Code Regs., tit. 2, § 11091(a)(1).  The federal regulations place a similar burden on the employer.  *See* 29 C.F.R. § 825.303(b) ("The employer will be expected to obtain any additional required information through informal means.").  Courts analyze the content of employees' requests for leave on a case-by-case basis, asking whether the employer was on notice of the employee's intent to take CFRA leave rather than whether the employee satisfied the elements enumerated in the regulations.  *See Alejandro v. ST Micro Electronics, Inc.*, 178 F. Supp. 3d 850, 865 (N.D. Cal. 2016); *Mora v. Chem-Tronics, Inc.*, 16 F. Supp. 2d 1192, 1210–11 (S.D. Cal. 1998) (citing cases).  To that end, whether the employee's notice is sufficient is a question of fact that will depend on the circumstances.  *Mora*, 16 F. Supp. at 1209; *Bareno v. San Diego Cmty. Coll. Dist.*, 7 Cal. App. 5th 546, 565 (2017).

Plaintiff's TAC alleges Plaintiff "made it clear that she would need . . . leave under the CFRA/FML based on her physician's note."  (ECF No. 29 ¶ 26.)  Thus, taken as true, Plaintiff explicitly raised the possibility of CFRA-qualifying leave in her notice to Defendant.[2]  Further, Plaintiff alleges she communicated to Defendant the duration of her leave would depend on

---

[2]   This allegation was phrased as a legal conclusion in the SAC.  (*See* ECF No. 19 ¶ 26.)

whether Defendant provided her reasonable accommodations.  (*Id.* at ¶ 27.)  Finally, Plaintiff alleges Defendant made no effort to inquire whether or when Plaintiff would return to work or what accommodations she needed in order to return.  (*Id.* at ¶¶ 28–29.)  On the other hand, Defendant is correct that Plaintiff fails to specifically allege she told Defendant when she would return to work or how long she needed to be on leave.  (ECF No. 30-1 at 8.)  Although it is a close question, the Court hesitates to dismiss Plaintiff's claim at this early stage given the liberal pleading standard, the ambiguous regulatory assignment of burdens, and Plaintiff's allegation she specifically invoked CFRA in her request for leave.  Therefore, Defendant's motion to dismiss is DENIED as to Plaintiff's CFRA claim.

        C.        Claim Three: Wrongful Termination in Violation of Public Policy

The parties agree Plaintiff's final claim is derivative of her first two.  (ECF No. 30-1 at 9; ECF No. 31 at 11.)  Defendant moves to dismiss Plaintiff's third claim only on the grounds that Plaintiff "fails to allege sufficient facts constituting claims for [ADA] retaliation and CFRA interference."  (ECF No. 30-1 at 9.)  The Court has found Plaintiff's amendments nudged her first two claims over the line from conceivable to plausible.  *See Iqbal*, 556 U.S. at 680.  Plaintiff's ability to state claims for violation of the ADA and CFRA permit her to plead a derivative wrongful termination claim.  *Cf. Jennings v. Marralle*, 8 Cal. 4th 121, 135–36 (1994).  Therefore, the Court DENIES Defendant's motion to dismiss as to Plaintiff's wrongful termination claim.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 30) is hereby DENIED.  Defendant shall file an answer to the Third Amended Complaint not later than twenty-one (21) days after the electronic filing date of this Order.

IT IS SO ORDERED.

Date:  September 29, 2021

                                              Troy L. Nunley
                                              United States District Judge