1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEBORAH KING,

             Plaintiff,

    v.

C & K MARKET INC, dba RAY'S
FOOD PLACE #25,

          Defendant.

No.  2:16-cv-00559-TLN-DMC

PRETRIAL SCHEDULING ORDER

    After reviewing the parties' Joint Status Report, the Court
makes the following Pretrial Scheduling Order.

    I.   SERVICE OF PROCESS

    All named Defendants have been served and no further service
is permitted without leave of court, good cause having been
shown.

    II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

    No joinder of parties or amendments to pleadings is
permitted without leave of court, good cause having been shown.

    III.   JURISDICTION/VENUE

    Jurisdiction is predicated upon 42 USC Chapter 126, Section
12112(a).  Jurisdiction and venue are not contested.

1    IV.    <u>DISCOVERY</u>

2        All discovery, with the exception of expert discovery, shall

3    be completed by **August 25, 2022**.  In this context, "completed"

4    means that all discovery shall have been conducted so that all

5    depositions have been taken and any disputes relative to

6    discovery shall have been resolved by appropriate order if

7    necessary and, where discovery has been ordered, the order has

8    been obeyed.  All motions to compel discovery must be noticed on

9    the magistrate judge's calendar in accordance with the local

10   rules of this Court.

11       Any request to deviate from the Federal Rules of Civil

12   Procedure should be made to the assigned Magistrate Judge.

13   V.    <u>DISCLOSURE OF EXPERT WITNESSES</u>

14       All counsel are to designate in writing, file with the

15   Court, and serve upon all other parties the name, address, and

16   area of expertise of each expert that they propose to tender at

17   trial not later than **October 27, 2022**.[1]  The designation shall be

18   accompanied by a written report prepared and signed by the

19   witness.  The report shall comply with Fed. R. Civ. P.

20   26(a)(2)(B).

21       Within twenty (20) days after the designation of expert

22   witnesses, any party may designate a supplemental list of expert

23   witnesses who will express an opinion on a subject covered by an

24   expert designated by an adverse party.

25   ///

26   ///

27
---
[1] The discovery of experts will include whether any motions based on <u>Daubert</u>
28   <u>v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and/or <u>Kumho Tire</u>
<u>Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) are anticipated.

2

1       The right to designate a supplemental expert for rebuttal

2   purposes only shall apply to a party who has not previously

3   disclosed an expert witness on the date set for expert witness

4   disclosure by this Pretrial Scheduling Order.

5       Failure of a party to comply with the disclosure schedule as

6   set forth above in all likelihood will preclude that party from

7   calling the expert witness at the time of trial.  An expert

8   witness not appearing on the designation will not be permitted to

9   testify unless the party offering the witness demonstrates: (a)

10  that the necessity for the witness could not have been reasonably

11  anticipated at the time the list was proffered; (b) that the

12  Court and opposing counsel were promptly notified upon discovery

13  of the witness; and (c) that the witness was promptly made

14  available for deposition.

15      For purposes of this Pretrial Scheduling Order, an "expert"

16  is any person who may be used at trial to present evidence under

17  Rules 702, 703, and 705 of the Federal Rules of Evidence, which

18  include both "percipient experts" (persons who, because of their

19  expertise, have rendered expert opinions in the normal course of

20  their work duties or observations pertinent to the issues in the

21  case) and "retained experts" (persons specifically designated by

22  a party to be a testifying expert for the purposes of

23  litigation).

24      Each party shall identify whether a disclosed expert is

25  percipient, retained, or both.  It will be assumed that a party

26  designating a retained expert has acquired the express permission

27  of the witness to be so listed.

28  ///

3

Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

Counsel are instructed to complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions.

VI.   SUPPLEMENTAL DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(e), the parties shall exchange any supplemental disclosures and responses (including expert supplemental materials) no later than thirty (30) days prior to the dispositive motion hearing date.  Any supplemental disclosures and responses necessary after that date will require leave of Court good cause having been shown.

VII.  MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **February 23, 2023.**

All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

///

(a) The opposition and reply must be filed by 4:00 p.m. on
the day due; and

(b) When the last day for filing an opposition brief falls
on a legal holiday, the opposition brief shall be filed
on the last court day immediately preceding the legal
holiday.

Failure to comply with Local Rule 230(c), as modified by
this order, may be deemed consent to the motion and the court may
dispose of the motion summarily. Further, failure to timely
oppose a summary judgment motion[2] may result in the granting of
that motion if the movant shifts the burden to the nonmovant to
demonstrate that a genuine issue of material fact remains for
trial.

The Court places a page limit for points and authorities
(exclusive of exhibits and other supporting documentation) of
twenty (20) pages on all initial moving papers, twenty (20) pages
on oppositions, and ten (10) pages for replies.  All requests for
page limit increases must be made in writing to the Court setting
forth any and all reasons for any increase in page limit at least
fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court
cases should include parallel citations to the Supreme Court
Reporter.

The parties are reminded that a motion in limine is a
pretrial procedural device designed to address the admissibility
of evidence.  The Court will look with disfavor upon

---

[2] The Court urges any party that contemplates bringing a motion for summary
judgment or who must oppose a motion for summary judgment to review Local Rule
260.

1  dispositional motions presented in the guise of motions <u>in</u>
2  <u>limine</u>.

3      The parties are cautioned that failure to raise a
4  dispositive legal issue that could have been tendered to the
5  court by proper pretrial motion prior to the dispositive motion
6  cut-off date may constitute waiver of such issue.

7      VIII. <u>TRIAL SETTING</u>

8      The parties are ordered to file a Joint Notice of Trial
9  Readiness not later than thirty (30) days after receiving this
10 Court's ruling(s) on the last filed dispositive motion(s).  If
11 the parties do not intend to file dispositive motions, the
12 parties are ordered to file a Joint Notice of Trial Readiness not
13 later than one hundred twenty (120) days after the close of
14 discovery and the notice must include statements of intent to
15 forgo the filing of dispositive motions.

16     The parties are to set forth in their Notice of Trial
17 Readiness, the appropriateness of special procedures, their
18 estimated trial length, any request for a jury, their
19 availability for trial, and if the parties are willing to attend
20 a settlement conference.  The parties' Notice of Trial Readiness
21 Statement shall also estimate how many court days each party will
22 require to present its case, including opening statements and
23 closing arguments.  The parties' estimate shall include time
24 necessary for jury selection, time necessary to finalize jury
25 instructions and instruct the jury.

26     After review of the parties' Joint Notice of Trial
27 Readiness, the Court will issue an order that sets forth dates
28 for a Final Pretrial Conference and Trial.

1      IX.   SETTLEMENT CONFERENCE

2          The parties may request a settlement conference prior to the

3   Final Pretrial Conference if they feel it would lead to the

4   possible resolution of the case.  In the event a settlement

5   conference date is requested, the parties shall file said request

6   jointly, in writing.  The request must state whether the parties

7   waive disqualification, pursuant to Local Rule 270(b), before a

8   settlement judgment can be assigned to the case.  Absent the

9   parties' affirmatively requesting that the assigned Judge or

10  Magistrate Judge participate in the settlement conference AND

11  waiver, pursuant to Local Rule 270(b), a settlement judge will be

12  randomly assigned to the case.

13         In the event a settlement conference is set by the Court,

14  counsel are instructed to have a principal with full settlement

15  authority present at the Settlement Conference or to be fully

16  authorized to settle the matter on any terms.  At least seven (7)

17  calendar days before the settlement conference, counsel for each

18  party shall submit to the chambers of the settlement judge a

19  confidential Settlement Conference Statement.  Such statements

20  are neither to be filed with the Clerk nor served on opposing

21  counsel.  Each party, however, shall serve notice on all other

22  parties that the statement has been submitted.  If the settlement

23  judge is not the trial judge, the Settlement Conference Statement

24  shall not be disclosed to the trial judge.

25      X.   COURTESY COPIES

26         No party shall submit paper courtesy copies of pleadings or

27  exhibits to the Court unless expressly ordered to do so.

28  ///

7

1        XI.    VOLUNTARY DISPUTE RESOLUTION PROGRAM

2        Pursuant to Local Rule 271, parties may stipulate at any

3   stage in the proceedings to refer the action, in whole or in

4   part, to the Voluntary Dispute Resolution Program.

5        XII.   MODIFICATION OF PRETRIAL SCHEDULING ORDER

6        The parties are reminded that pursuant to Rule 16(b) of the

7   Federal Rules of Civil Procedure, the Pretrial Scheduling Order

8   shall not be modified except by leave of court upon a showing of

9   **good cause**.   Agreement by the parties pursuant to stipulation

10  alone to modify the Pretrial Scheduling Order does not constitute

11  good cause.   Except in extraordinary circumstances,

12  unavailability of witnesses or counsel will not constitute good

13  cause.

14       XIII.  OBJECTIONS TO PRETRIAL SCHEDULING ORDER

15       This Pretrial Scheduling Order will become final without

16  further order of the Court unless objections are filed within

17  fourteen (14) days of service of this Order.

18       IT IS SO ORDERED.

19  DATED:  February 8, 2022

20

21                                  Troy L. Nunley
                                    United States District Judge
22

23

24

25

26

27

28